

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable F. T. Graham
County Attorney
Cameron County
Brownsville, Texas

Dear Sir:

Opinion No. O-5961
Re: Whether acquisition by
one corporation of the
assets and properties of
another under facts stat-
ed is prohibited by Arti-
cle 7427, and related
questions.

    The significant and controlling facts set forth in your letter of recent date are substantially these: Corporation A, whose principal office is located at Corpus Christi and Corporation B, with its principal office at Brownsville, both operate cotton compresses and warehouses at or near the latter city.

    Because of the war-time difficulties and restrictions of water transportation upon which B company must depend for profitable business operations, its stockholders have determined to dissolve the corporation and to liquidate its assets and physical properties. B company's purpose and motive in selling its properties is to dispose of an unprofitable business.

    Company A desires to enlarge its plant and facilities in anticipation of an expanding post-war cotton compress and warehouse business. In the event B company does dissolve and dispose of its physical properties, A company proposes to negotiate for their purchase.

    The question presented is whether such a transaction, if consummated under such facts and circumstances, is denounced by the Texas anti-trust statutes.

    The statute immediately involved is Article 7427, providing:

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"A monopoly is a combination or consolidation of two or more corporations when effected in either of the following methods;

"1.   When the direction of the affairs of two or more corporations is in any manner brought under the same management or control for the purpose of producing, or where such common management or control tends to create a trust as defined in the first article of this chapter.

"2.   Where any corporation acquires the shares or certificates of stock or bonds, franchise or other rights, or the physical properties or any part thereof, of any other corporation or corporations, for the purpose of preventing or lessening, or where the effect of such acquisition tends to affect or lessen competition, whether such acquisition is accomplished directly or through the instrumentality of trustees or otherwise."

A careful analysis of this statute makes its meaning and purpose simple and understandable.  The specific act prohibited "is a combination or consolidation of two or more corporations."  But it is important to observe that such a "combination or consolidation" is not denounced unless it is effected in one of the methods prohibited by the statute itself.

The first method defined and made illegal is when it is sought to bring "the direction of the affairs of two or more corporations" under the same management or control and where such common management tends to create a trust.  Obviously this prohibition would not cover a transaction between an active corporation and one which is dissolved and in process of liquidation.

Too, Mr. Justice Denman of the Texas Supreme Court, has pointed out that one of the essential elements in making a case under this subdivision would be the proved existence of a designed and united cooperation of the offending agencies to accomplish the unlawful purpose.  He said in part:

"... In order to constitute a trust, within the meaning of the statute, there must be a 'combination of capital, skill or acts by two or more.' 'Combination,' as here used, means union or association. If there be no union or association by two or more of their 'capital, skill or acts,' there can be no 'combination,' and hence no 'trust.' When we consider the purposes for which the 'combination' must be formed, to come within the statute, the essential meaning of the word 'combination,' and the fact that a punishment is prescribed for each day that the trust continues in existence, we are led to the conclusion that the union or association of 'capital, skill or acts' denounced is where the parties in the particular case designed the united co-operation of such agencies, which might have been otherwise independent and competing, for the accomplishment of one or more of such purposes. ..." Gates v. Hooper, 39 S. W. 1079.

The second method of "combination or consolidation" that is denounced is where one corporation acquires the physical properties of another corporation "for the purpose of preventing or lessening, or where the effect of such acquisition tends to effect or lessen competition."

The question you raise under subdivision 2 seems to be well settled in Texas. In a similar situation where one corporation acquired the assets and physical properties of another which was about to dissolve and go out of business, and involving this very statute, the Fort Worth Court of Civil Appeals said:

"If ... (the corporation) ... had determined to dissolve, it certainly had the right to do so under the law, and the sale (to a competitor) under the circumstance, of its properties could not tend to prevent or lessen competition." Patton v. American Home Life Ins. Co., 233 S. W. 295. Writ refused.

We follow, as we must, the declarations of the Courts on this subject. Applied to your statement here, B company has a right to go out of business and to dispose of its properties. Company A has a right to purchase those properties

because to do so will neither prevent nor lessen competition.

In reaching this conclusion, we accept as accurate and true the results of your findings to the effect that there is no design, no purpose, no united cooperation to circumvent the law. Since, in such circumstances, we have concluded the civil statutes are not violated, it follows that the acts described are not denounced by the similar provisions of the Penal Code.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Elbert Hooper
Assistant

APPROVED APR 20, 1944

ATTORNEY GENERAL OF TEXAS

RH:db



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN